UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-CV-111 (CEJ) |
| | ) | |
| JAMES L. SHANDY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to strike the government's discovery request and the government's motion for sanctions pursuant to Fed.R.Civ.P. 37(d).

## I. Background

The United States filed this action to reduce to judgment the assessments entered against defendant for unpaid federal income tax and civil penalties. According to the complaint [Doc. #1], on various dates between 2004 and 2010, the Secretary of the Treasury made assessments against defendant for unpaid taxes, interest, and penalties for tax years 2001 through 2004, and 2006 through 2009. ¶8. In addition, in 2009 and 2010, the Secretary of the Treasury assessed interest and civil penalties against defendant for making frivolous submissions to the IRS for tax years 2007 and 2008. ¶10. The government alleges that, as of March 27, 2014, the amount of defendant's indebtedness is $442,459.08, plus interest and other statutory additions that have accrued and will continue to accrue as provided by law. ¶14.

On May 1, 2015, the government served its first set of interrogatories, requests for production, and requests for admission. Exs. 5-7 [Doc. #25]. On June 3, 2015, instead of serving his responses, defendant filed a motion to strike the discovery requests. As grounds for the motion, defendant argues that the court lacks subject matter jurisdiction over this dispute because the government failed to exhaust administrative remedies. [Doc. #21]. On June 4, 2015, counsel for the government wrote to defendant and requested that he immediately respond to the discovery requests to avoid the necessity of the court's intervention. Ex. 8. Finally, on June 8, 2010, counsel spoke with defendant by telephone in an effort to resolve the parties' dispute. Richard Rose Decl. [Doc. #25]. This motion was filed on June 10, 2015. The motion includes counsel's certification pursuant to Fed.R.Civ.P. 37(d)(1)(B) that the parties conferred by telephone but were unable to resolve their dispute after good faith efforts.

**II.    Discussion**

In his motion to strike, defendant argues that the government's discovery requests are premature because he has not received information he requested through the Freedom of Information Act, 5 U.S.C. § 552. He argues that the government's failure to respond to his FOIA requests deprives this court of jurisdiction and moves to strike pursuant to Fed.R.Civ.P. 12(h)(3).

To the extent that defendant seeks dismissal of this action under Rule 12(h)(3), his argument fails. Rule 12(h)(3) requires a court to dismiss an action at any time the court determines it lacks subject-matter jurisdiction. Several statutes confer jurisdiction of tax matters to the district courts. First, 26 U.S.C. § 7402 provides in relevant part:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

In addition, 28 U.S.C. § 1340 provides that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." The court also has "federal question" jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Finally, 28 U.S.C. § 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

To the extent that defendant's argument is more narrowly tailored toward striking the government's discovery requests, that argument also fails. Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The government's discovery requests are clearly relevant to defendant's contention that he is not liable for the taxes, interest, and penalties assessed against him.

The civil procedure rules also authorize parties to propound interrogatories, request production of documents, and seek admissions. See Fed.R.Civ.P. 33 (interrogatories), 34 (requests for document), and 36 (requests for admission). A party served with requests under these rules has 30 days in which to serve responses or objections. Fed.R.Civ.P. 33(b); 34(b)(2); 36(a)(3). A party or person

3

from whom discovery is sought may also seek a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Outstanding FOIA requests are not a proper basis for obtaining a protective order or otherwise evading discovery request in a separate civil action.

Defendant was required to respond to the government's discovery requests and his failure to do so exposes him to the risk of being sanctioned. Fed.R.Civ.P. 37(d)(1)(A)(ii) (court may order sanctions if "a party, after being properly served with interrogatories, . . . fails to serve its answers, objections, or written response."). Permissible sanctions include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(d)(2)(A) (iii) and (vi). The court may also "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed.R.Civ.P. 37(d)(2)(A)(ii). Defendant's *pro se* status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).

The government argues that defendant has repeatedly refused to engage in the discovery process[1] and asks the court to strike his answer and enter default against him.[2] "Default judgment for failure to defend is appropriate when the

---

[1] Defendant also refused to participate in a Rule 26(f) conference that was scheduled on January 20, 2015, see Exs. 1 and 2 (email exchanges), and he has never provided his initial disclosures, despite a written request that he do so. Ex. 4 (letter dated Apr. 28, 2015).

[2] In the alternative, the government asks the court to preclude defendant from presenting evidence embraced by its discovery requests. This sanction would prevent defendant from presenting any evidence to contest his liability for and the amount of the assessed taxes

4

party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" Id.

Defendant's conduct in this case is preventing the orderly exchange of discovery and will not be allowed to continue. Thus, the court will enter an order compelling him to produce initial disclosures under Rule 26(a) and to respond to the government's outstanding discovery requests. **Defendant is warned that his failure to comply will be construed as willfulness and bad faith and will result in the imposition of sanctions as authorized by Rule 37(b)(2)(A), which may include striking his answer and entering default judgment against him.** The government's motion for sanctions will be held in abeyance pending the defendant's compliance with the order compelling disclosure and discovery.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike [Doc. #21] is **denied**.

**IT IS FURTHER ORDERED** that, not later than **July 20, 2015**, defendant shall make the required Fed.R.Civ.P. 26(a)(1) disclosures, provide answers to the government's interrogatories and requests for admission, and produce all documents responsive to the government's request for production.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2015.

---

and penalties and thus would have the same effect as striking his answer and entering default.